UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL GRADY and SHATINA GRADY, | Case No. 22-11142 |
| Plaintiffs, | F. Kay Behm |
| v. | United States District Judge |
| WASHTENAW COUNTY SHERIFF'S OFFICE, JOHN CRASTENBURG, AUSTIN PEARSON, DANIEL BUFFA, and BRYAN GERWIG, | |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER ACCEPTING AND ADOPTING
REPORT AND RECOMMENDATION (ECF No. 31)**

**I.    PROCEDURAL HISTORY**

Plaintiffs, Daniel and Shatina Grady, filed this action against Defendants Washtenaw County Sheriff's Office ("Washtenaw"), Sgt. Deputy John Crastenburg ("Crastenburg"), Deputy Austin Pearson ("Pearson"), Deputy Daniel Buffa ("Buffa"), the Ypsilanti Police Department ("Ypsilanti"),[1] and Officer Bryan Gerwig ("Gerwig") on May 24, 2022, arguing they unlawfully arrested and imprisoned

---

[1] On December 15, 2022, Defendant Ypsilanti filed a Motion to Dismiss, arguing that "Plaintiffs failed to state any plausible claims against the Ypsilanti Police Department under Fed. R. Civ. P. 12(b)(6). (ECF No. 32, PageID.306). Plaintiffs filed a Stipulation for Dismissal and, therefore, Defendant Ypsilanti was dismissed as a party on January 4, 2023. (ECF No. 35).

1

Plaintiffs on May 26, 2020.  (ECF No. 1).  Their initial complaint alleged a violation of their First Amendment rights pursuant to 42 U.S.C. § 1983 (Count I), a violation of their Fourth Amendment rights pursuant to 42 U.S.C. § 1983 (Count II), false imprisonment (Count III), false arrest (Count IV), assault and battery (Count V), and intentional infliction of emotional distress (Count VI).  (*Id.*, PageID.8-10).

On August 4, 2022, in lieu of filing an answer to the complaint, Defendant Washtenaw filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 4).  In response, Plaintiffs filed both an amended complaint, (ECF No. 17), and a response, (ECF No. 18).  Defendants Washtenaw, Crastenburg, Pearson, and Buffa filed a motion to strike both of these documents on September 21, 2022, (ECF No. 19), and Defendants Ypsilanti and Gerwig filed a similar motion to strike on September 28, 2022, (ECF No. 21).  Plaintiffs failed to file a timely response.  (See ECF No. 31, PageID.275).  Magistrate Judge Kimberly G. Altman granted Defendants Washtenaw, Crastenburg, Pearson, and Buffa's motion on October 12, 2022, and both documents were stricken from the record.  (ECF No. 24).  As a result, Defendants Ypsilanti and Gerwig filed a motion to withdraw their motion to strike, which was granted by Judge Altman on October 17, 2022.  (ECF No. 27).

On November 2, 2022, Plaintiffs filed the present motion for leave to amend the complaint pursuant to Judge Altman's order, (ECF No. 24).[2] (ECF No. 28). That motion, (ECF No. 28), along with Defendant Washtenaw's motion to dismiss, (ECF No. 4), are currently pending before this court. Both motions were referred to Judge Altman, (ECF No. 7, 29), who issued a Report and Recommendation (R&R) on December 13, 2022. (ECF No. 31). Plaintiffs filed an objection to the R&R on December 27, 2022 (ECF No. 33), Defendants filed a response on January 9, 2023 (ECF No. 37), and Plaintiffs filed a reply on January 16, 2023 (ECF No. 38). This case was initially before District Judge Judith E. Levy, but was reassigned to the undersigned on February 7, 2023. On August 16, 2023, the court ordered the parties to submit supplemental briefing addressing whether the Washtenaw County Sheriff's office is an entity amenable to suit under 42 U.S.C. § 1983. (ECF No. 41). The parties filed their supplemental briefs on August 30, 2023. (ECF Nos. 43, 44). The matter is now fully briefed and ready for a decision. For the reasons stated below, the court **OVERRULES** Plaintiffs' objection and **ACCEPTS** and **ADOPTS** the R&R.

---

[2] In her Opinion and Order granting Defendants Washtenaw, Crastenburg, Pearson, and Buffa's motion to strike, Judge Altman gave Plaintiffs the option to "file either a response to the motion to dismiss relying solely on the original complaint or a motion for leave to file an amended complaint **on or before Wednesday, November 2, 2022**." (ECF No. 24, PageID.192).

3

II.     FACTUAL BACKGROUND

Judge Altman's R&R sets out the pertinent facts at issue in this matter as stated in the original complaint.

> The events giving rise to this lawsuit center on an interaction between a married couple, Shatina and Daniel, and Washtenaw County Sheriff's Office Deputies Crastenburg, Pearson, and Buffa, as well as Ypsilanti Police Department Officer Gerwig that occurred on May 26, 2020. (ECF No. 1, PageID.3-4). On that date, various Washtenaw County Sheriff's Office deputies, including Crastenburg, Pearson, and Buffa, were dispatched to a home located on Peachcrest Street in Ypsilanti Township, Michigan. (*Id.*, PageID.4).
>
> Upon arrival, Pearson spoke to someone inside of the home through a closed window. (*Id.*). Meanwhile, Crastenburg encountered an individual who appeared to have "sustained a gunshot wound to the back." (*Id.*).
>
> Crastenburg and the other deputies questioned the injured individual about the night's events.[3] The injured individual provided a description of the person who shot her and also told the deputies, "'I don't know where he (sic) at, but he (sic) probably ran off.'" (*Id.*). The injured individual described her assailant as "a black male, short, and wearing a blue shirt." (*Id.*). Pearson then asked the injured individual if the shooter went into the blue house. (*Id.*). The injured individual, who was "in clear agonizing pain[,]" responded "yes." (*Id.*). At that point, an ambulance arrived and removed the injured individual from the scene. (*Id.*, PageID.5).
>
> An unnamed deputy asked Crastenburg if he wanted to "close off the area," but Crastenburg responded in the negative and explained that

---

[3] The injured "individual's story about the events that night changed with the more questions they asked of the individual during the initial encounter. One [d]eputy noted this change in story in his police report." (ECF No. 1, PageID.5). This footnote was included in the original R&R.

4

he first "wanted to 'make contact with' that house." (*Id.*). Law enforcement officers including the deputies then approached the Peachcrest house and began talking to the apparent homeowner. (*Id.*).

Plaintiffs were standing on the sidewalk in front of the house next door to the house of interest to the deputies. (*Id.*). They estimated that they were standing approximately 40 to 60 yards away from the deputies. (*Id.*). Plaintiffs were observing the actions of the deputies as well as recording the deputies' encounter with the apparent homeowner. (*Id.*).

At some point, a deputy realized that Plaintiffs were standing nearby and recording the encounter. (*Id.*). He yelled at Plaintiffs and instructed them to move further away from the Peachcrest house. (*Id.*). Plaintiffs did not immediately respond, and the deputies then began cursing and yelling louder. (*Id.*, PageID.6). Plaintiffs responded that they were "not bothering" the deputies. (*Id.*). The deputies, however, continued to yell and curse and one deputy told Plaintiffs to "'shut up.'" (*Id.*).

During the interaction with Plaintiffs and various deputies, one deputy continued his conversation with the apparent owner of the Peachcrest house. (*Id.*). "This [d]eputy repeatedly asked the [apparent] owner of the house for permission to enter and the [apparent] owner repeatedly [told] the [d]eputy no." (*Id.*). However, the apparent homeowner eventually acquiesced and informed the deputy that he could enter the house by himself. (*Id.*). The deputy was unhappy with the apparent homeowner's condition and attempted to convince the apparent homeowner to allow more than one deputy to enter. (*Id.*).

The various deputies and Gerwig then decided to arrest Plaintiffs. (*Id.*). Plaintiffs attempted to explain that they were not interfering with the law enforcement officers, but the officers "beg[an] to physically harm Plaintiffs[.]" (*Id.*, PageID.7). Crastenberg tasered Daniel while Pearson physically assaulted Shatina despite her saying,

> "'I can't breath[e].'" (*Id.*).  Buffa also physically harmed Plaintiffs. (*Id.*).
>
> "Both Plaintiffs suffered scratches, cuts, and bruises" as well as emotional distress. (*Id.*).  Additionally, after their arrests, they were detained at the Washtenaw County Jail for several days causing them both to miss work. (*Id.*).

(ECF No. 31, PageID.276-79).

Judge Altman's R&R also summarizes the differences between the original complaint and the proposed amended complaint.

> Both the original complaint and the proposed amended complaint allege the same series of events summarized in the previous subsection.  The key changes from the original complaint to the proposed amended complaint involve the language used to describe the Washtenaw County Sheriff's Office's role in this case.
>
> The proposed amended complaint alleges that the Washtenaw County Sheriff's Office is liable for the actions of its sheriff deputies, in part, because "of its policies, practices, and customs which led to this complaint of violation." (ECF No. 28-1, PageID.219).  The proposed amended complaint also clarifies that, pursuant to the policy of the Washtenaw County Sheriff's Office, Crastenburg was the officer in charge at the time the alleged constitutional violations occurred. (*Id.*, PageID.226).  Plaintiffs also allege that the Washtenaw County Sheriff's Office has a "de facto policy of deliberate indifference to individuals such as Plaintiffs." (*Id.*, PageID.230, 232-233).

(*Id.*, PageID.279-80).

## III. RELEVANT LEGAL STANDARD

A party may "serve and file specific written objections" to a magistrate judge's report and recommendation on dispositive motions. Fed. R. Civ. P. 72(b)(2). Eastern District of Michigan Local Rule 72.1(d)(1) requires objections to "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. L.R. 72.1(d)(1). Objections that dispute the general correctness of the R&R are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Additionally, objections must be clear and specific enough that the court can squarely address them on the merits. *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Once any objections have been properly made, and relevant responses or replies have been filed, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## IV. PLAINTIFFS' OBJECTION

Plaintiffs raise one objection to the R&R, arguing "Plaintiff's amended complaint does plead sufficient facts to give rise to a plausible claim against Defendant Washtenaw County Sheriff's Office under § 1983." (ECF No. 33,

7

PageID.327). Specifically, they argue the R&R failed to address their claims under a ratification theory. (*Id.*, PageID.320) ("this theory either wasn't addressed or…was analyzed under a different context."). However, even if this court were to consider Plaintiffs' claims against Defendant Washtenaw under a ratification theory, it would not change the outcome of this motion. The R&R correctly found that Plaintiff failed to state a claim against Defendant Washtenaw that would survive a 12(b)(6) motion to dismiss and, likewise, amendment would be futile.

In analyzing Plaintiffs' motion for leave to amend, the R&R utilizes the standard set forth in Federal Rule of Civil Procedure 15(a)(2), which states: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although leave should be "freely give[n]," courts have held that denial may be appropriate for a number of reasons, including "futility of amendment," which occurs "if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." (*See* ECF No. 31, PageID.281) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *Reid v. Detroit*, No. 18-13681, 2019 EL 6310956, at *3 (E.D. Mich. Nov. 25, 2019)).

The court agrees with the R&R that any amendment relating to Defendant Washtenaw would be futile. While the R&R did not separately address Plaintiff's

8

claims against Defendant Washtenaw under a ratification theory, the outcome remains the same. To sufficiently argue liability under a ratification theory, it must be shown that the policymaker approved of both a subordinate's decision and "the basis for it." *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1118 (6th Cir. 1994); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1998) ("If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final."); *Bryson v. City of Oklahoma City*, 627 F.3d 784, 790 (10th Cir. 2010) ("a municipality will not be found liable under a ratification theory unless a final decisionmaker ratifies an employee's specific unconstitutional actions, as well as the basis for these actions.").

The entirety of Plaintiffs' allegations supporting their ratification theory in the proposed amended complaint are as follows:

> ¶ 72: Lastly, the head Sheriff of Washtenaw County, Jerry Clayton, stated at a press conference that law enforcement on scene did not have exigent circumstance [sic] to enter the blue house without a warrant and he agreed and acquiesced with Defendant Cratsenburg's decision to arrest the Plaintiffs.
>
> ¶ 81: Defendant Washtenaw County Sheriff's Department and Ypsilanti Police Department, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the

creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiffs.[4]

(ECF No. 28-1, PageID.229-30). Plaintiffs' objection argues, "it logically follows that the head Sheriff also agreed with the use of force if he agreed with the decision to arrest someone not willfully complying." (ECF No. 33, PageID.328). However, this argument asks the court to speculate that the Sheriff knew of the circumstances underlying the arrest and the basis for the deputies' actions, when the facts included in the proposed amended complaint suggest only that the Sheriff agreed with the "decision to arrest." (ECF No. 28-1, PageID.229). As such, even viewing the alleged facts in the light most favorable to Plaintiffs and assuming them to be true, as must be done in a 12(b)(6) motion to dismiss, Plaintiffs have failed to sufficiently allege that the head Sheriff's statements ratified not only the specific actions, but also the basis for these actions. *See Meyers v. City of Cincinnati*, 14 F.3d at 1118. Plaintiffs have also failed to allege any facts showing ratification was "the moving force behind or the cause of the plaintiff's harm." *Burgess v. Fisher*, 735 F.3d 462, 479 (6th Cir. 2013) (citations omitted).

---

[4] Identical language is also used in paragraphs 88 and 94 of Plaintiff's proposed amended complaint. (*See* ECF No. 28-1, PageID.232-33).

10

Amendment would additionally be futile because the Washtenaw County Sheriff's Department cannot be sued as a party under 42 U.S.C. § 1983.  (*See* ECF No. 43, PageID.424).  Section 1983 "imposes liability on any 'person' who violates an individual's federal constitutional or statutory rights."  *See* 42 U.S.C. § 1983; *Brewer v. Genesee Cnty Sheriff Dep't*, No. 2:23-CV-10271, 2023 WL 3212337, at *2 (E.D. Mich. May 2, 2023).  While "municipalities and other local government units" are included among the persons to which § 1983 applies, it has long been held that local sheriff's departments are not.  *Monell v. Dep't of Soc. Servs. v. City of New York*, 436 U.S. 658, 690 (1978); *see also Brewer*, 2023 WL 3212337 at *2 ("It is well-settled that county jails, sheriff departments, and other governmental agencies are not legal entitles subject to suit under 42 U.S.C. § 1983); *Mayfield v. Clare Co. Jail*, No. 2:19-CV-13467, 2020 WL 59697, at *2 (E.D. Mich. Jan. 6, 2020); *Edwards v. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016).

**V.   CONCLUSION**

Because the Defendants "accept all other parts of the Magistrate's Report and Recommendation" and, upon review, the court finds that it properly addresses the relevant legal standards and applies them to the case at hand, the court **ACCEPTS** and **ADOPTS** the R&R.  Plaintiffs' motion to amend the complaint

11

is **GRANTED IN PART** and **DENIED IN PART** and Defendant Washtenaw's motion to dismiss is **DENIED AS MOOT.** Plaintiffs are directed to file an amended complaint consistent with the above. That is, the amended complaint shall not name the Washtenaw County Sheriff's Office as a defendant and shall not assert any Fifth Amendment claim against Crastenburg, Pearson, or Buffa. (ECF No. 31, PageID.293-94).

    **SO ORDERED**.

Date: September 1, 2023          <u>s/F. Kay Behm</u>
                                              F. Kay Behm
                                              United States District Judge