UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHATINA GRADY and DANIEL GRADY, | Case No. 22-cv-11142 |
| Plaintiffs, | Hon. F. Kay Behm<br>United States District Judge |
| v. | |
| SGT. DEPUTY JOHN CRATSENBURG, DEPUTY AUSTIN PEARSON, | Hon. Kimberly G. Altman<br>U.S. Magistrate Judge |
| Defendants.<br>_____ / | |

**ORDER GRANTING ON DEFENDANTS'
MOTION TO STAY PENDING APPEAL (ECF No. 85)**

Before the court is Defendants' Motion to Stay Proceedings Pending Appeal (ECF No. 85), following the court's denial of summary judgment and of qualified immunity on Plaintiffs' First Amendment retaliation claim in its opinion and order dated March 7, 2025 (ECF No. 80).

The standard for appeal on a denial of qualified immunity has been described thusly by the Sixth Circuit:

> A district court's denial of qualified immunity is immediately appealable only to the extent that it turns on an issue of law, rather than fact. *See Brown v. Chapman*, 814 F.3d 436, 444 (6th Cir.

1

> 2016). The Sixth Circuit may thus only review "an appeal challenging the district court's legal determination that the defendant's actions violated a constitutional right or that the right was clearly established." *McDonald v. Flake*, 814 F.3d 804, 812 (6th Cir. 2016) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). Similarly, [the court of appeals] may review a challenge to "a legal aspect of the district court's factual determinations, such as whether the district court properly assessed the incontrovertible record evidence." *Id.* (citing *Plumhoff v. Rickard*, 572 U.S. 765, 772 (2014)). A reviewing court lacks jurisdiction, however, to review the district court's determination of what facts a party may be able to prove at trial. *Id.* (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995)). When such issues are intertwined, a reviewing court can ignore arguments that rely on disputed facts and resolve the legal issue on a given set of facts. *See id.* at 813.

*King v. City of Rockford*, 97 F.4th 379, 389-90 (6th Cir. 2024).

Because qualified immunity is a protection not only from liability, but also from the trial process, a stay of proceedings in the trial court while the appeal is prosecuted is generally required to preserve the rights of state officials. *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986); *Gentry v. Wayne Cnty.*, No. 10-CV-11714, 2011 WL 13160849, at *1 (E.D. Mich. Oct. 17, 2011). However, a district court may decline to stay a case pending an interlocutory appeal of a finding

2

that a defendant was not entitled to qualified immunity if the appeal is (i) frivolous or (ii) being sought solely for purposes of delay. *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991) (recognizing district court's discretion to certify appeal on qualified immunity grounds as frivolous and begin trial).

Plaintiffs object to a stay on the basis that Defendants' "appeal will not present substantial questions of law but instead will rehash factual disputes resolved on summary judgment." ECF No. 86, PageID.4381. Defendants reply that "Defendants' appeal involves two legal questions: (1) whether, in the light most favorable to the Plaintiffs, there is genuine factual dispute as to whether Defendants violated the First Amendment, and (2) whether the law was clearly established at the time. . . . No part of Defendants' appeal 'challenge[s] factual findings.'" ECF No. 87, PageID.4386.

Both questions are properly reviewable by the Court of Appeals, *City of Rockford*, 97 F.4th at 389-90, and the court finds they are neither frivolous nor taken with dilatory intent, and thus Defendants have properly invoked this court's obligation to stay these proceedings pending appeal. *See Kennedy v. City of Cleveland*, 797 F.2d 297, 299

3

(6th Cir. 1986) (observing that, following a proper appeal from a denial of qualified immunity, the court is obligated "to refrain from proceeding to trial . . . .").

These proceedings are therefore **STAYED** pending the outcome of Defendant's appeal of the court's denial of summary judgment as to Count I. The scheduling order at ECF No. 81 is also stayed during the pendency of appeal; upon lifting the stay the court will hold a conference with the parties to determine the extent to which any of those dates must be rescheduled.

**SO ORDERED**.

Date: June 9, 2025            <u>s/F. Kay Behm</u>
F. Kay Behm
United States District Judge